UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES CLEM, Derivatively on Behalf of EXELON CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER M. CRANE, JOSEPH DOMINGUEZ, ANNE R. PRAMAGGIORE, and WILLIAM A. VON HOENE, JR., <br><br> Defendants, <br><br> - and - <br><br> EXELON CORPORATION, a Pennsylvania Corporation, <br><br> Nominal Defendant. | Case No. 1:21-cv-03611 |
| DONNA NICOSIA, Derivatively on Behalf of EXELON CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> JOHN F. YOUNG, ANTHONY K. ANDERSON, LINDA JOJO, ANN C. BERZIN, PAUL L. JOSKOW, MAYO A. SHATTUCK III, LAURIE BRLAS, YVES C. DE BALMANN, ROBERT J. LAWLESS, NICHOLAS DEBENDICTIS, STEPHEN D. STEINOR, RICHARD W. MIES, JOHN W. ROGERS, JR., CHRISTOPHER M. CRANE, JOSEPH DOMINGUEZ, ANNE PRAMAGGIORE, FRANK M. CLARK, THOMAS O'NEILL, FIDEL MARQUEZ, JOHN HOOKER, MICHAEL J. MADIGAN, MICHAEL F. MCCLAIN, JAY DOHERTY, EDWARD MOODY, JUAN OCHOA, VICTOR REYES, and | Case No. 1:23-cv-02605 |

| | |
|---|---|
| REYES KURSON LTD., <br><br>              Defendants, <br><br>    - and - <br><br> EXELON CORPORATION, a Pennsylvania Corporation, <br><br>              Nominal Defendant. | |
| CITY OF CORAL SPRINGS POLICE OFFICERS' PENSION PLAN, Derivatively on Behalf of EXELON CORPRATION, <br><br>              Plaintiff, <br><br>    v. <br><br> JOHN F. YOUNG, ANTHONY K. ANDERSON, LINDA JOJO, ANN C. BERZIN, PAUL L. JOSKOW, MAYO A. SHATTUCK III, LAURIE BRLAS, YVES C. DE BALMANN, ROBERT J. LAWLESS, NICHOLAS DEBENDICTIS, STEPHEN D. STEINOR, RICHARD W. MIES, JOHN W. ROGERS, JR., CHRISTOPHER M. CRANE, JOSEPH DOMINGUEZ, ANNE PRAMAGGIORE, FRANK M. CLARK, THOMAS O'NEILL, FIDEL MARQUEZ, JOHN HOOKER, MICHAEL J. MADIGAN, MICHAEL F. MCCLAIN, JAY DOHERTY, EDWARD MOODY, JUAN OCHOA, VICTOR REYES, and REYES KURSON LTD., <br><br>              Defendants, <br><br>    - and - <br><br> EXELON CORPORATION, a Pennsylvania Corporation, <br><br>              Nominal Defendant. | Case No. 1:23-cv-02712 |

| | |
|---|---|
| MICHAEL DYBAS, WILLIAM GRUNZE, AND BENJAMIN JASON WAX, Derivatively on Behalf of EXELON CORPORATION,<br><br>      Plaintiff,<br><br> v.<br><br>CHRISTOPHER M. CRANE, JOSEPH DOMINGUEZ, WILLIAM A. VON HOENE, JR., ANTHONY K. ANDERSON, ANN C. BERZIN, LAURIE BRLAS, YVES DE BALMANN, NICHOLAS DEBENEDICTIS, LINDA JOJO, JEANNE M. JONES, PAUL JOSKOW, ROBERT J. LAWLESS, RICHARD W. MIES, JOSEPH NIGRO, JOHN R. RICHARDSON, MAYO A. SHATTUCK III, STEPHEN D. STEINOUR, JOHN F. YOUNG, and ANNE R. PRAMAGGIORE,<br><br>      Defendants,<br><br> - and -<br><br>EXELON CORPORATION, a Pennsylvania Corporation,<br><br>      Nominal Defendant. | Case No. 1:23-cv-03318 |

**EXELON SPECIAL LITIGATION COMMITTEE'S**
**MOTION FOR CONSOLIDATION OF ACTIONS**

  The Special Litigation Committee (the "SLC") of the Board of Directors of Exelon Corporation ("Exelon"), by and through its counsel, hereby moves this Court for entry of an order pursuant to Federal Rule of Civil Procedure 42 consolidating the following pending actions: *Clem v. Crane, et al.*, No. 1:21-cv-03611 (the "*Clem* Action"); *Nicosia v. Young, et al.*, No. 1:23-cv-02605 (the "*Nicosia* Action"); *City of Coral Springs Police Officers' Pension Plan v. Young, et al.*, No. 1:23-cv-02712 (the "*Coral Springs* Action"); and *Dybas et al. v. Crane et al.*, No. 1:23-

cv-03318 (the "*Dybas* Action") (collectively the "Related Actions"). All of the Related Actions involve common questions of law and fact and should be consolidated for all purposes to avoid unnecessary cost or delay, particularly in light of the SLC's upcoming motion for preliminary approval of a settlement and dismissal of these actions, which it anticipates filing on or before June 16, 2023. In support of this consolidation motion, the SLC states:

1. The Related Actions were separately filed and assigned to different judges at different points in 2021 and 2023. On May 4, 2023, Plaintiffs in the *Nicosia* and *Coral Springs* Actions moved for reassignment of their respective actions as related to the *Clem* Action. *See Clem* Action at Dkt. No. 45-1. The Court granted that motion on May 22, 2023, finding that all three actions were related pursuant to Civil Local Rule 40.4. *See Clem* Action at Dkt. No. 50. In particular, the Court found that having a single judge handle the *Clem*, *Nicosia*, and *Coral Springs* Actions will save substantial judicial time and effort and that the *Clem*, *Nicosia*, and *Coral Springs* Actions are susceptible to disposition in a single proceeding. *Id.*

2. On May 25, 2023, Plaintiffs Michael Dybas, William Grunze, and Benjamin Jason Wax filed the *Dybas* Action. *Dybas* Action at Dkt. No. 1. Then, on May 30, 2023, those plaintiffs filed a Motion for Reassignment of Case as related to the *Clem*, *Nicosia*, and *Coral Springs* Actions. *Clem* Action at Dkt. No. 55.

3. The SLC agrees that the *Dybas* Action is related to the *Clem*, *Nicosia*, and *Coral Springs* Actions under Local Rule 40.4(a) & (b). The reasoning of the *Clem* Court's May 22, 2023 Order applies equally to the *Dybas* Action.

4. Consolidation of the Related Actions is also appropriate under Federal Rule of Civil Procedure 42. That rule states that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions; or . . . issue any other orders to avoid

2

unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Gen. Teamsters, Chauffeurs & Helpers Union v. Blue Cab Co.*, 353 F.2d 687, 689 (7th Cir. 1965) (affirming grant of consolidation). Here, the Related Actions involve common questions of fact because they all concern the events that led Exelon's subsidiary, Commonwealth Edison Company, to enter into a Deferred Prosecution Agreement in July 2020. *See Clem* Action at Dkt. No. 1; *Nicosia* Action at Dkt. No. 1; *Coral Springs* Action at Dkt. No. 1; *Dybas* Action at Dkt. No. 1. And they share common questions of law, such as whether certain Exelon officers and directors breached their fiduciary duties. *See Clem* Action at Dkt. No. 1; *Nicosia* Action at Dkt. No. 1; *Coral Springs* Action at Dkt. No. 1; *Dybas* Action at Dkt. No. 1. Given the predominance of these common questions of law and fact, consolidation will promote judicial efficiency and avoid the possibility of inconsistent rulings. *See Pochert v. Blatt, Hasenmiller, Liebsker & Moore LLC*, No. 11 C 2440, 2011 WL 4007731, at *3 (N.D. Ill. Sept. 9, 2011); *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2011 WL 686813, at *2 (N.D. Ill. Feb.15, 2011).

5. Moreover, as set forth in its Notice of Determination filed on May 26, 2023, after nearly two years of investigation, the independent SLC has reached a determination pursuant to Section 1783(e) of the Pennsylvania Business Corporation Law ("PBCL"), 15 Pa. C.S. § 1783(e), that all claims set forth in the Related Actions should be settled and dismissed in accordance with the best interests of the Company. On April 24, 2023, after nearly one year of mediation with the assistance and guidance of the Hon. Layn Phillips, the following parties agreed to resolve the claims asserted in the Demand Letters and Derivative Actions according to the Settlement Terms: the SLC, the Independent Review Committee ("IRC") of the Board of Directors of Exelon, Nominal Defendant Exelon and certain individual defendants, and the shareholders who filed the *Dybas* Action.

6. As noted above, on or before June 16, 2023, the SLC anticipates filing: (1) a motion for preliminary approval of a settlement and dismissal, (2) a stipulation of settlement, and (3) a formal report supporting its determination. According to the Determination of the SLC and the Settlement Terms, all claims in the Related Actions will be dismissed with prejudice. Thus, in the interest of efficiency and consistency, these cases should be consolidated. *See Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.").

7. Counsel for the SLC contacted the parties to the Related Actions on May 26, 2023, stating that the SLC intended to file this Motion to Consolidate on May 31, 2023 and thus requesting that the parties inform the SLC of their positions on this Motion no later than the close of business on May 30, 2023. Plaintiffs in the *Dybas* Action, Nominal Defendant Exelon, and certain individual defendants consented to the relief requested herein. As of the time of filing of the instant motion, the undersigned counsel for the SLC have not received responses from counsel for the remaining parties.

WHEREFORE, for the reasons stated above, the SLC respectfully requests (i) that this Court grant this Motion to Consolidate the Related Actions and (ii) that the consolidated action be captioned, "In re Exelon Corporation Derivative Litigation."

4

Dated: May 31, 2023

Respectfully submitted,

*/s/ David Kistenbroker*

**DECHERT LLP**
David Kistenbroker
Joni Jacobsen
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Direct +1 312 646 5811
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com

*Counsel for the Special Litigation Committee of the Board of Exelon Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will serve notice of such filing upon all the parties of record.

*/s/ Joni Jacobsen*