# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re Exelon Corporation Derivative Litigation | )<br>)<br>)<br>) Case No. 21 C 3611, 23 C 2605<br>)          23 C 2712 and 23 C 3318<br>)<br>)<br>) Judge John Robert Blakey<br>)<br>)<br>) |

## ORDER

Plaintiffs in Dybas, et al. v. Crane, et al., No. 23-cv-3318, a case currently assigned to Judge Valderrama, move to reassign their case to this Court as a related case. The parties here do not oppose the motion. Local Rule 40.4 instructs that case are related if they involve the same property, involve some of the same issues, grow out of the same transaction or occurrence, or, in class actions suits, one or more of the classes are the same. As with the two prior cases consolidated here, see [50], the Dybas case similarly meets the Rule's criteria: the underlying allegations and claims asserted are substantially similar, involve substantially similar issues of fact and law and common defendants, and are predicated on the same or substantially similar transactions or occurrences. Reassignment is thus proper under the rule if: the cases are pending in this Court (they are); having a single judge handle the cases saves substantial judicial time and effort (it will); this case has not progressed to the point where reassignment will delay these proceedings (it has not); and the cases are susceptible to disposition in a single proceeding (they are – indeed, the Special

Litigation Committee's notice of determination and intent to seek court approval of settlement, [54], discusses the Dybas case along with the Clem, Nicosia, and Coral Springs actions). Therefore, this Court, with the consent of Judge Valderrama, grants the motion for reassignment [55] and hereby refers the Dybas action (No. 23-cv-3318) to the Executive Committee for reassignment under L.R. 40.4 so that all four actions may be consolidated here. The Court grants the Special Litigation Committee's unopposed motion to consolidate [61] (docket entry [47] in Case No. 23-cv-02712; and docket entry [52] in Case No. 23-cv-02605) and consolidates all four cases (Clem; Nicosia v. Young, et al., No. 1:23-cv-02605; City of Coral Springs Police Officers' Pension Plan v. Young, et al., No. 1:23-cv-02712; and Dybas v. Crane, No. 1:23-cv-03318) for all purposes under the name "In re Exelon Corporation Derivative Litigation." The Clerk shall consolidate the matters and amend the docket to reflect the name of the consolidated action. The Court grants the motions for leave to appear pro hac vice filed by David N. Kelley [53] and Melinda A. Nicholson (docket entry [15] in Case No. 23-cv-3318), and grants the motions to extend time filed by various Defendants in the different cases, including the motions filed by John Hooker (which appears at [57] here and at docket entry [55] in Case No. 23-cv-02712 and docket entry [61] in Case No. 23-cv-02605); Juan Ochoa (docket entries [49] in Case No. 23-cv-02712); Edward Moody (docket entry [52] in Case No. 23-cv-02712 and docket entry [58] in Case No. 23-cv-02605); Victor Reyes and Reye Kurson, Ltd. (docket entry [58] in Case No. 23-cv-02712 and docket entry [65] in Case No. 23-cv-02605); and Michael McClain (docket entry [30] in Case No. 23-cv-2605). Defendants shall answer

or otherwise plead by 7/17/23. The 6/7/23 Notice of Motion date is stricken as to all motions.

Dated:  June 6, 2023                                  Entered:

                                                                 _____
                                                                 John Robert Blakey
                                                                 United States District Judge